CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 2 5 2007

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JORGE REYNOSO, ) | |
|     Petitioner, ) | Civil Action No. 7:07cv00046 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Samuel G. Wilson |
|     Respondent. ) | United States District Judge |

Petitioner, Jorge Reynoso, filed this 28 U.S.C. § 2255 motion claiming that his counsel rendered ineffective assistance in connection with his sentencing for conspiracy to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 846, and that the United States breached its plea agreement by not requesting that the court apply the "safety valve", U.S.S.G. § 5C1.2. This matter is before the court on the government's motion to dismiss because Reynoso knowingly and voluntarily waived his right to collaterally attack his plea and because his claims are meritless. The court assumes, without deciding, that Reynoso's claims do not fall within the scope of his waiver, and nevertheless denies his claims.

I.

A grand jury in the Western District of Virginia returned a one-count indictment against Reynoso for conspiracy to distribute and possess with the intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 846. Reynoso pleaded guilty, and Reynoso's plea agreement stipulated that he waived his right to appeal sentencing guideline issues or to collaterally attack the judgment and sentence imposed by the court, and that in exchange for his plea, the government would recommend a three-level reduction for acceptance of responsibility. Plea Agreement at 2-5. Reynoso also affirmed, in the written plea agreement, that he was

"knowingly and voluntarily waiving any right to appeal sentencing guidelines factors, and [was] voluntarily willing to rely on the Court in sentencing [him] under the Sentencing Guidelines." Id. at 4. During the plea colloquy, Reynoso, among other things, indicated under oath that he had discussed the charges, his case, and the safety valve with his attorney, that he was fully satisfied with his attorney's representation, that someone read the entire plea agreement to him before he signed it, that he understood everything in the plea agreement, that no one had made any offers or different promises or assurances to him to induce entry of his plea, that no one had forced him to enter the guilty plea, that he understood the maximum penalties for the offense charged, and that he waived his right to appeal and to collaterally attack his sentence. Plea Hrg. Tr. at 5-13, February 11, 2004. The court found that Reynoso was fully competent and capable of entering an informed plea and that his plea was knowing and voluntary, and the court accepted it. Plea Hrg. Tr. at 23.

Reynoso's pre-sentence report held him responsible for no less than 760 grams of cocaine base, established a base offense level of 36, and included a two-point role enhancement and a three-point decrease for acceptance of responsibility. This resulted in a total offense level of 35, which, in combination with a criminal history category I, produced a guideline range of 168 to 210 months. Reynoso objected to the quantity of cocaine attributed to him and to the role enhancement. At sentencing, however, the government agreed to eliminate the two-point role enhancement in exchange for Reynoso agreeing to the quantity of cocaine attributed to him, and for a joint recommendation of 135 months imprisonment, the low end of the new guideline range of 135 to 168 months. Sentencing Tr. at 4. The court accepted the agreement and sentenced Reynoso to 135 months. After his sentencing, Reynoso filed a motion under Rule 35(a) of the

Federal Rules of Criminal Procedure, seeking a reduction in his sentence pursuant to the safety valve, which the court denied.

Reynoso appealed his 135-month sentence to the Court of Appeals for the Fourth Circuit. The court found that Reynoso had knowingly and voluntarily waived his right to appeal his sentence and that Reynoso's claim fell within that waiver. The court therefore dismissed Reynoso's appeal.

Reynoso has filed his current motion under 28 U.S.C. § 2255, claiming his attorney rendered ineffective assistance by failing to request application of the safety valve at sentencing, and instead inappropriately requesting the safety valve in a post-trial Rule 35(a) motion. Reynoso also claims that the United States breached the plea agreement by not recommending that the court consider the safety valve. For the reasons that follow, the court will grant the government's motion to dismiss.

## II.

Reynoso claims his attorney was ineffective in failing to request the court to apply the safety valve at sentencing, and because counsel requested the safety valve in the post-trial Rule 35(a) motion instead.[1] In order to demonstrate ineffective assistance of counsel, Reynoso must

---

[1] Reynoso executed a valid waiver of his right to collaterally attack his guilty plea; however, since his ineffective assistance claim based on his attorney's alleged failure to move for application of the safety valve pertains to phases post-dating the execution of his waiver, the court assumes, without deciding, that Reynoso's claims did not fall within the scope of his waiver. See United States v. Attar, 38 F.3d 727 (4th Cir. 1994) (allowing a petitioner to raise a claim that he was denied assistance of counsel at sentencing despite the execution of a waiver of the right to directly appeal). At issue in Attar was a waiver of the right to directly appeal. The Fourth Circuit has yet to directly address the issue of whether Attar principles apply to waivers of the right to collaterally attack and district courts addressing the issue have arrived at conflicting conclusions. However, in United States v. Lamaster, 403 F.3d 216, 220 n2 (4th Cir. 2005), the Fourth Circuit acknowledged that the applicability of Attar to collaterally attack waivers was not

prove that his attorney's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced Reynoso. See Strickland v. Washington, 466 U.S. 668 (1984). He has demonstrated neither.

This is not a case of a lawyer failing to recognize the availability of the safety valve, but rather a bargained-for agreement at sentencing to jointly recommend a 135-month sentence with the prospect of a substantial assistance motion later. Indeed, nothing remotely demonstrates that the probation report wrongly calculated Reynoso's base offense level or wrongly assessed the two points for Reynoso's role in the offense. Therefore, without the agreement to eliminate the role adjustment and jointly recommend a 135-month sentence, there would have been no agreement at all, and Reynoso's guideline range would have been 168 to 210 months, with a likely sentence in that range. Under the circumstances, Reynoso cannot demonstrate that his counsel's performance at sentencing fell below an objective standard of reasonableness and that he was prejudiced by that performance.[2]

### III.

Reynoso also claims that the government breached the terms of the plea agreement by not recommending that the court consider the safety valve. Since Reynoso failed to raise this issue

---

squarely before the court, but nevertheless noted, "[W]e have no occasion to consider whether a district court should address similar claims in a § 2255 motion despite a general waiver of collateral attack rights. As we noted above, however, we see no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." Therefore, the court assumes, without deciding, that Reynoso's claims do not fall within the scope of his waiver, and addresses Reynoso's claims on the merits.

[2] Although a Rule 35(a) motion was not a proper vehicle to attack the guideline calculation, there is no prejudice because without the agreement at sentencing, Reynoso's likely sentence would have been within the 168 to 210 month guideline range.

on appeal, his claim is procedurally defaulted unless he can show both cause and prejudice to excuse the default. United States v. Frady, 456 U.S. 152, 165 (1982), Davis v. United States, 417 U.S. 333, 342 (1974). Since Reynoso has not demonstrated cause for failing to raise this issue on appeal, the claim has been procedurally defaulted.[3]

## IV.

For the foregoing reasons, the court grants the government's motion to dismiss Reynoso's § 2255 claim.

**ENTER**: This 25th day of July, 2007.

_____
United States District Judge

---

[3] Moreover, nothing in Reynoso's plea agreement contemplates such a recommendation, and there is no evidence in the record suggesting that the government agreed, in exchange for Reynoso's plea, to request that the court apply the safety valve.